IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

JAMES M. WRIGHT, )
)
          Plaintiff, )
    v. ) Case No. 03-5005-CV-SW-JCE
VIRGIL HENSON, )
GREG BATSON, )
RON BUCHANAN, )
AARON RICHARDSON, )
MIKE TROYER, )
JOHN LUCKEY, )
THE CITY OF JOPLIN, )
THE COUNTY OF JASPER, )
)
          Defendants. )

**ORDER**

Plaintiff has brought a civil action under 42 U.S.C. § 1983 against defendants for committing acts under color of state law and depriving him of his constitutional rights. He alleges that defendants Virgil Henson, Greg Batson, Ron Buchanan, Aaron Richardson, Mike Troyer, and John Luckey, while acting individually and in their capacities as police officers or deputy sheriffs in the City of Joplin and County of Jasper, used excessive force in the course of his arrest.

This matter comes before the Court on defendants Henson, Buchanan, Richardson, Troyer, Luckey, and the County of Jasper's Motions for Summary Judgment. For the reasons set forth herein, the separate defendants' summary judgment motions will be denied. Regarding the County of Jasper, its motion for summary judgment will be granted.

A motion for summary judgment will be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In determining whether a genuine issue regarding a material fact exists, the pleadings must be construed in favor of the non-moving party. The non-movant must, however, resist a summary

judgment motion by setting forth specific facts that show there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); Burst v. Coors, 650 F.2d 930, 932 (8th Cir. 1981). The motion may then be granted only if there is no substantial evidence in support of that party's position. Thibodaux v. Atlantic Richfield Co., 580 F.2d 841, 844 (5th Cir. 1987), cert. denied, 442 U.S. 909 (1979). While summary judgment is an extreme remedy, the Court must recognize its salutary purpose to avoid a useless, expensive, and time-consuming trial where there is no genuine, material issue to be tried. Anderson v. Viking Pump Div., 545 F.2d 1127, 1129 (8th Cir. 1979).

Turning first to the motions for summary judgment filed by the separate defendants in this case, the Court has carefully reviewed the record, in the light most favorable to plaintiff. It is the Court's finding that it cannot rule, as a matter of law, that there are not genuine factual issues regarding the reasonableness of the defendants' actions. The record indicates that there are factual disputes among defendants themselves and with plaintiff regarding the nature of and the amount of forced used. There are also disputes regarding the actions taken by plaintiff. Further, there are factual disputes regarding the injuries plaintiff incurred, and the cause of those injuries.

Based on the record before it and the reasonable inferences that can be drawn from the record, the Court finds that these disputes are material to the question of the reasonableness of defendants' responses, which makes the case inappropriate for summary judgment. See Graham v. Conner, 409 U.S. 386 (1989) (holding that the reasonableness inquiry in excessive force cases involves examination of the question of whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them).

The County of Jasper has requested summary judgment on the grounds that plaintiff has not identified any policy, practice, or custom of the County that caused any alleged excessive use of force. Plaintiff did not address this ground for summary judgment in his suggestions in opposition. He did state, however, that the portion of his complaint alleging a denial of medical care should be dismissed against the County. Therefore, the Court finds that the claim of denial of medical care

2

against Jasper County should be dismissed, and that defendant's motion for summary judgment on any remaining claim regarding a policy, practice or custom of the County that caused any alleged excessive use of force should be granted.

Because plaintiff has set forth specific facts showing that there may be a genuine issue for trial, defendants Henson, Buchanan, Richardson, Troyer, and Luckey's motions for summary judgment must be denied. Fed. R. Civ. P. 56(e). Defendant County of Jasper's motion for summary judgment will be granted.

For the foregoing reasons, pursuant to 28 U.S.C. Section 636(b)(1) and Local Rule 72.1, it is therefore

ORDERED that defendants Henson, Buchanan, Richardson, Troyer, and Luckey's motions for summary judgment be, and they are hereby, denied. It is further

ORDERED that plaintiff's claim of denial of medical care against the County of Jasper should be dismissed. It is further

ORDERED that defendant's motion for summary judgment on any claim against the County of Jasper regarding a policy, practice or custom that caused any alleged excessive use of force should be, and it is hereby, granted.

　/s/ James C. England　
　JAMES C. ENGLAND
　United States Magistrate Judge

Date:　11/6/05